GARACA et al. v. LUSCO.

6 Div. 987.

Supreme Court of Alabama.

June 18, 1936.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellants.

W. P. McCrossin and Theo. J. Lamar, both of Birmingham, for appellee.

FOSTER, Justice.

To an action on a note against appellant, he filed a plea of set off, and had it served on counsel for plaintiff under section 10181, Code. Plaintiff having failed to plead to such plea within thirty days, a judgment by default was rendered against plaintiff. Plaintiff then made a motion to set aside the default. The court granted the motion, and from the judgment doing so, defendant appealed.

The chief insistence here made is that the court was without power to grant such a motion which does not have an affidavit that there is a good and lawful defense to the plea. Reliance is had on Ex parte Payne, 130 Ala. 189, 29 So. 622; Acts 1888 –89, p. 797, § 1.

Of course, if the court was without power to render the judgment, it would be void and would not support this appeal. 2 Alabama Digest, Appeal and Error, ☞112. But in Shepherd v. Clements, 224 Ala. 1, 141 So. 255, this court virtually held that, since the general scheme of revision of the laws relating to practice in the circuit courts of the state beginning with the series of acts passed in 1915 was intended to be uniform in the state, that the practice act applicable to Jefferson county was repealed. While the court was dealing with a conflict between section 7 of that act and section 9502, Code, the general idea manifested was that the whole scheme of laws relating to practice in the circuit court was intended to be uniform throughout the state, and to apply in Jefferson notwithstanding said act.

Section 1 of the act of 1889, supra, provides that no application to set aside a default judgment shall be granted without an affidavit of meritorious defense. But rule 11 of Circuit Court Practice is not so mandatory. Within thirty days after a default or nil dicit judgment is rendered, the court has the power on such showing as appeals to its discretion to set it aside, and its judgment in doing so is not revisable at all by appeal, but only mandamus and then only for abuse of such discretion. But its judgment so rendered is not void under rule 11, supra, though there is no meritorious defense shown. Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Ex parte

574

Parker, 172 Ala. 136, 54 So. 572; Ex parte Doak, 188 Ala. 406, 66 So. 64.

■ We think that in this respect, as in others, the general rules applicable to circuit courts prevail in Jefferson county, not now considering any possible law, not called to our attention, which may have been more recently enacted.

■ We cannot on this appeal review the exercise of discretion which controlled in the judgment granting the motion to set aside the default judgment. Such judgment may not be reviewed on appeal, and there is no application for mandamus. In addition to cases cited above, some others are here added: City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322; Truss v. Birmingham, LaGrange & Macon R. Co., 96 Ala. 316, 11 So. 454; Ex parte Gay, 213 Ala. 5, 104 So. 898; Ex parte Haisten, 227 Ala. 183, 149 So. 213.

There is nothing which we can review on this appeal, and it is dismissed.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.