186 So. 586

**Ex parte SAVAGE.**

**7 Div. 437.**

Court of Appeals of Alabama.

Feb. 7, 1939.

Merrill, Jones & Merrill, of Anniston, for petitioner.

No attorney marked for respondent.

RICE, Judge.

Petitioner sets forth the undisputed facts, in his brief filed here, as follows, to-wit:

"On March 4th, 1938, petitioner filed a complaint for damages in the Circuit Court of Calhoun County, Alabama against Raymond Knight, which Summons and Complaint was served on defendant, Raymond Knight, on March 11th, 1938.

"On April 13, 1938, the defendant having filed no appearance in the matter, a judgment by default with a writ of inquiry was had against the defendant on the motion of the plaintiff. Later, on June 13th, 1938, no appearance having as yet been filed by the defendant, Raymond Knight, and a jury then being available for the ascertainment of damages, petitioner proceeded to execute a writ of inquiry and recovered final judgment against defendant Knight.

"Thereafter, on June 16th, 1938, the defendant, Knight, filed a motion to set aside the default judgment rendered on the 13th day of April, 1938. Petitioner filed demurrers to said motion, which demurrers were overruled and petitioner excepted.

"On July 27th, 1938, testimony was taken on the motion, (hearing on which had been regularly continued to that date), and after hearing the testimony, the defendant here, R. B. Carr as Judge, did grant the motion and order the cause reinstated on the docket, to which said orders petitioner duly excepted.

"On August 18th, 1938 petitioner obtained a rule nisi from this court returnable on the fourth Tuesday in October, directed to the defendant here directing him to show cause why his order of July 27th should not be set aside."

It is apparent petitioner is pursuing the proper remedy—mandamus—if he has any right. Reese & Reese v. Burton & Watson Undertaking Co., ante, p. 384, 184 So. 820.

Perhaps it is first to be observed that the judgment obtained by default on April 13th, 1938 was, "while awaiting the execution of a (the) writ of inquiry (but) interlocutory;" and that the final judgment, in which this April 13th judgment became merged, was the one ascertaining and declaring petitioner's damages, obtained on June 13th, 1938. Ewart v. Cunningham, 219 Ala. 399, 122 So. 359. And that it is definitely established that the "30 day Statute" —Code 1923, § 6670—has application to a valid (final) judgment. Ex parte Bozeman, Bozeman v. Dillard, 213 Ala. 223, 104 So. 402.

It results that the motion filed by the defendant (in the original suit) Knight, on June 16th, 1938, to set aside the judgment by default—which became final on June 13th, 1938—was apt to call into play the discretion vested in the trial court.

442

The only question before us is that as to whether or not the court in entering its order of July 27th, 1938 granting the motion of the defendant in the original suit to set aside the judgment against him theretofore rendered on June 13th, 1938 constituted an abuse of that discretion.

As said by Mr. Justice Foster for the Supreme Court, in the opinion in the case of Garaca et al. v. Lusco, 232 Ala. 573, 169 So. 12, 13: "Within thirty days after a default or nil dicit judgment is rendered, the court has the power on such showing as appeals to its discretion to set it aside, and its judgment in doing so is not revisable at all by appeal, but only mandamus and then only for abuse of such discretion."

And as said by Hon. Walter B. Jones, one of the Judges of the Fifteenth Judicial Circuit of Alabama, in his answer to the rule nisi issued in a case similar to that before us—which language had the tacit approval of this court: "It can hardly be said that there has been an abuse of discretion where an equitable conclusion has been arrived at." See Reese & Reese v. Burton & Watson Undertaking Co., supra. Nor, we add, merely because the motion which was granted by the lower court was not filed in accordance with Circuit Court Rule of Practice 11. Garaca et al. v. Lusco, supra.

To repeat the language used by Judge Samford in his opinion prepared for this court in the case of Reese & Reese v. Burton & Watson Undertaking Co., supra, 184 So. 824: "The power of a trial court of record over its judgments during the thirty days following the date of the judgment [Code 1923, § 6670] is very large, if not unlimited. It rests within the [its] sound discretion to set them aside, when satisfied that injustice has been done, or that they have been inadvertently or improvidently entered."

Here, it is without dispute that defendant in the original suit—Knight—employed an attorney promptly after he was served with summons; that he relied —as he had a right to do—upon his said attorney—a capable lawyer, practicing at the bar—to "look after his case;" notify him of the date set for trial, etc. In fact, that Knight, himself—aside from his chargeability with his attorney's derelictions, was guilty of no fault. But that said attorney, through oversight, or press of business, or neglect, carelessly allowed the judgment by default to be entered and made final against Knight. And that by mere chance Knight discovered what had happened, in time to file his motion to set same aside before the "30 day Statute" cut him off.

As said by Judge Walter B. Jones in his answer to the rule nisi referred to hereinabove: "The * * * court fully realizes the necessity of answers being filed within the time prescribed by law, but it also realizes that from time to time in the course of every lawyer's practice situations occur that result in failure to so answer. The facts that occasion these failures are nearly always dissimilar and as the relief that should be granted is dependent upon all of the facts and circumstances surrounding the granting of the default judgment and the failure to make answer within the time prescribed by law no exact rule can be laid down as to what circumstances justify the granting or refusing of a new trial. It therefore becomes the duty of the court to render a decision the effect of which is to give substantial justice to both sides."

The burden being upon the petitioner to clearly show to this court that the respondent, as Judge of the Circuit Court, abused his discretion in entering the order setting aside the judgment and granting a new trial, and the petitioner having failed to carry the burden, the writ of mandamus is denied.

Writ denied.