17 So.2d 402

**KOLB et al. v. SWANN CHEMICAL COR-PORATION.**

**6 Div. 209.**

Supreme Court of Alabama.

March 30, 1944.

Barber & Barber, of Birmingham, for appellants.

Martin, Turner & McWhorter, of Birmingham, for appellee.

LIVINGSTON, Justice.

· The appeals are from orders or judgments of the Circuit Court of Jefferson County, Alabama, setting aside two judg-ments against the Swann Chemical Corporation, a corporation, as garnishee, in the cases of P. Val Kolb, plaintiff, and J. Berlage Company, Inc., plaintiff, against Theodore Swann, doing business as Swann and Company, defendant. The questions presented in the two cases are identical, and they were here submitted together by agreement of the parties.

On November 12, 1940, each of the plaintiffs in the court below, appellants here, obtained a judgment in the Circuit Court of Jefferson County against Theodore Swann, doing business as Swann and Company. On March 7, 1941, appellants and another filed a petition in the United States District Court at Birmingham, Alabama, seeking to have Theodore Swann, doing business as Swann and Company, adjudicated an involuntary bankrupt.

On May 15, 1942, each appellant caused a writ of garnishment on his or its judgment to be issued to appellee, Swann Chemical Corporation, a corporation, requiring it to answer, within thirty days from service thereof, whether under the conditions stated in the writ it was indebted to Theodore Swann, doing business as Swann and Company. These writs were served on appellees on the 16th day of May, 1942. On June 6, 1942, Theodore Swann, doing business as Swann and Company filed a motion in each case asking that such garnishments and other proceedings in the case be stayed pending disposition of the said proceeding to have Theodore Swann, doing business as Swann and Company, declared a bankrupt. On June 9, 1942, with the consent of each appellant, the court entered an order in each case "staying further proceedings in this cause until dismissal of said petition or adjudication of the defendant as a bankrupt."

On July 28, 1943, the said Theodore Swann, doing business as Swann and Company, filed a petition in the pending bankrupt proceeding pursuant to Chapter 12 of the Bankruptcy Act, asking for an arrangement of his debts: such petition showing that his assets exceeded his liabilities.

On August 11, 1943, each appellant obtained a conditional judgment against appellee, as garnishee, for its failure to answer the garnishment writ, which was made final on September 17, 1943.

On September 22, 1943, appellee filed its motion in each case asking that the judgment entered against it be set aside and

440

held for naught because it was entered in violation of said stay order, and was therefore null and void.

On October 1, 1943, Presiding Judge McElroy and Judge Whit Windham, sitting en banc, granted appellee's motion to set aside the judgments entered against it in each case; and from the order or judgment entered thereon, appeals were perfected in each case, and here consolidated by agreement of the parties for review.

■ The proceeding in the lower court was not the ordinary case of an application for a new trial after there had been a trial on the merits. It partakes much more of the qualities of a motion to set aside a default or forfeiture. Talladega Mercantile Co. v. McDonald, 97 Ala. 508, 12 So. 34.

In the recent case of Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116, 118, this Court carefully considered the question of the proper mode of presenting to this Court for review the action of the trial court on a motion or petition to vacate an alleged void decree. It was there held, (1) "Where the motion to vacate the original decree is granted and a new trial is ordered, or the original cause is in any wise reinstated for further proceedings, the correct method of review is by mandamus"; and (2) "in a case where the motion to vacate the original decree is granted, but the effect of the vacating decree is not to reinstate the original cause for further proceedings, the proper remedy is by appeal."

■ As said by this Court in Ex parte Haisten, 227 Ala. 183, 149 So. 213, 215, "An appeal does not lie from the order or judgment of the court in setting aside a judgment by default, and restoring the case to the docket. Therefore, petitioner has not misconceived his remedy by mandamus to have the action of the court here reviewed. Ex parte Parker, 172 Ala. 136, 54 So. 572; Brazel v. New South Coal Co., 131 Ala. 416, 30 So. 832; Hershey Chocolate Co. v. Yates et al., 196 Ala. 657, 72 So. 260; Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex parte Gay, 213 Ala. 5, 104 So. 898; Brown v. Brown, 213 Ala. 339, 105 So. 171; Gibson v. Farmers' Bank, 218 Ala. 554, 119 So. 664; Mosaic Templars v. Hall, 220 Ala. 305, 124 So. 879."

■ Clearly, the order or judgment setting aside the judgment against the garnishee was not a final determination of the garnishee's liability, and the garnishee is not discharged. The effect of the order or judgment was to restore the parties to their respective positions under the stay order of the court. Further proceedings were necessarily contemplated. The proper mode of review is by mandamus. Neither the record nor the motion docket discloses a motion or petition for an alternate writ of mandamus. But we may add, a writ of mandamus would be denied in the instant case.

Prior to the Acts of 1915, page 707, section 3 (now section 119, Title 13, Code of 1940), the power of a court of record over its judgments during the term at which they were rendered was very large, if not unlimited. Under the present statute, section 119, supra, the same power exists for a period of thirty days from the date on which a judgment or decree is rendered.

■ In the instant case, the judgment vacated by the lower court was made final on September 17, 1943. It is from this date that the above-mentioned thirty-day period begins to run; and within this thirty-day period the court set the judgments aside. They were still within the control of the court,—"within the breast of the court,"—and it had the discretionary power to set them aside. Talladega Mercantile Co. v. McDonald, supra; Thompson v. Hill Grocery Co., 236 Ala. 66, 181 So. 272; Garaca v. Lusco, 232 Ala. 573, 169 So. 12; Ex parte Parker, 172 Ala. 136, 54 So. 572; Ex parte Doak, 188 Ala. 406, 66 So. 64; Reese & Reese v. Burton & Watson Undertaking Co., 28 Ala.App. 384, 184 So. 120; Ex parte Savage, 28 Ala.App. 440, 186 So. 586; Ex parte Crumpton, 21 Ala.App. 446, 109 So. 184; Shaeffer v. Walker, 241 Ala. 530, 3 So.2d 405. See, also, Parker v. Farish, 241 Ala. 127, 1 So.2d 596, 600, where this Court said, "We forego a consideration of the argument by appellee that to support a petition for mandamus to this Court the trial court should have declined on motion to vacate its order. Ex parte Edwards, 123 Ala. 102, 26 So. 643; Hill v. Tarver, 130 Ala. 592, 30 So. 499; Ex parte Bozeman, 213 Ala. 223, 104 So. 402."

Appeals dismissed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.