28 So.2d 808

## Ex parte INGALLS SHIPBUILDING CORPORATION.

### 6 Div. 357.

Court of Appeals of Alabama.
Jan. 21, 1947.

London & Yancey, of Birmingham, for petitioner.

Dryer & Dryer, of Birmingham, for respondent.

CARR, Judge.

On February 22, 1946, J. H. Cahela, a former employee of the Ingall Shipbuilding Corporation (which we will denote herein as the corporation), agreed with the latter on the terms of a settlement of a claim for compensation on account of an alleged personal injury. The papers were duly prepared and presented to Honorable C. B. Smith, Judge of the Circuit Court, who on the date just indicated approved the settlement agreement. Title 26, Sec. 278, Code 1940.

On March 22, 1946, Mr. Cahela filed a petition addressed "To The Honorable Judges of said Court" in which he prayed that the former order entered by Judge Smith be set aside and vacated. In this original petition and amendments thereto it is claimed that fraud was practiced on petitioner by an agent of the corporation, and without aid of advice of counsel he relied upon said misrepresentations and was induced to and did enter into the settlement agreement.

Considerable oral testimony was taken on the hearing on the petition, and at the conclusion thereof Judge Smith vacated and set aside his former approval order.

On August 8, 1946, the corporation filed in this court a petition for writ of mandamus to Honorable C. B. Smith. Appropriate remedy was invoked. Burger-Phillips Co. v. Phillips, 234 Ala. 563, 176 So. 181; Sovereign Camp, W. O. W., v. Gay, 20 Ala.App. 531, 104 So. 899. Rule nisi was issued and made returnable to this court on October 29, 1946. Respondent made answer in response thereto. We will set it out in full.

"Now comes C. B. Smith, as Judge of the Circuit Court of Jefferson County, at Birmingham, Alabama, and in answer to the alternative Writ of Mandamus, heretofore issued by the Honorable Court of Appeals of the State of Alabama, directing him to show cause in said Honorable Court why the Writ of Mandamus should not issue as prayed in the above styled cause and says:

"As the record before this Honorable Court contains no copy of the petition or motion to reopen this cause and grant a new trial or any of the amendments there-

to, I believe that this Honorable Court will presume that there were sufficient allegations in the original motion and in the amendments thereto to warrant my action in granting a new trial in this case. It is further my opinion that the court will also presume that all amendments to the original motion were germane.

"In spite of this I desire to state to this Honorable Court my reasons for setting aside this settlement and granting a new trial to this employee.

"In reaching a conclusion in this case, I took into consideration the fact that there is a wide difference between motions for a new trial filed within thirty days and those filed under the four months statute, or under the Workmen's Compensation Act (Title 26, Section 278, Code of 1940), wherein a settlement may be vacated for fraud, undue influence, or coercion, within six months after the date of settlement, and I was governed in making this distinction by the opinion rendered by this Honorable Court in Reese & Reese v. Burton & Watson Undertaking Co., 28 Ala.App. 384, 184 So. 820, 824 in which the following statements are made:

" '(1) Of necessity, trial judges must be given wide discretion in certain matters to the end that they may see that justice is administered fairly, and with a due consideration of all surrounding circumstances. That is to say, courts of record have inherent power, independent of the Statute, in certain cases to set aside and vacate their orders or judgments within the time limit of thirty days as fixed by Section 6670 of the Code of 1923 [Code 1940, Tit. 13, § 119]. 15 R.C.L. 688; Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300. * * *

" '(3, 4) The power of a trial court of record over its judgments during the thirty days following the date of the judgment is very large, if not unlimited. It rests within the sound discretion to set them aside, when satisfied that injustice has been done, or that they have been inadvertently or improvidently entered. Formerly, the judgments of the courts were in the breast of the judge until the final adjournment of the term, and might be set aside or modified during the term. How-

ever, this time limit has now been modified so as to limit the power of the court to thirty days from final judgment. Talladega Mercantile Co. v. McDonald, 97 Ala. 508, 12 So. 34; Sparks v. [J. S.] Reeves & Co., 165 Ala. 352, 358, 51 So. 574; Ex parte Doak, 188 Ala. 406, 66 So. 64.'

"I was reasonably satisfied from the evidence in this case that the plaintiff, J. H. Cahela, suffered substantial disability as a result of his injury while employed by Ingalls Shipbuilding Coropration on or about September 15, 1944, at which time he fell fifteen to eighteen feet and landed on his back on the bottom of a steel barge. I was further reasonably satisfied by the testimony that the employer furnished medical treatment, not merely examinations for the information of the employer, over a long period of time continuing as late as July or August, 1945, which, being a part of the compensation provided by the Act, tolled the running of the Statute of Limitation contained in the Act.

"I was further reasonably satisfied by the evidence that the said J. H. Cahela was lulled into a sense of security, as if the employer's representative had said to him, 'We are taking care of your medical expense and treatment, and as soon as the doctors determine your disability, we will pay whatever compensation is due.' After these tactics had continued until the expiration of more than one year from the date of the injury, which the employer fixes as the 31st day of October, 1944, the said J. H. Cahela was then induced to accept a settlement for $400.00 (the Settlement Petition reciting that the claim was barred by the Statute of Limitation) whereas previous discussions of settlement were at figures as high as $1000.00. I approved the settlement believing his claim was barred by the Statute of Limitation. Had I known all the circumstances, I would not have approved the settlement made on February 22, 1946.

"The motion was filed within thirty days after the settlement was approved and was kept alive by regular orders of continuance. The judgment was in the breast of the court. I concluded that an inequitable and unjust result had been reached, and that the settlement had been improvi-

dently entered into and approved. In order that no injustice be done defendant, I required plaintiff to pay into court for defendant the $400.00 paid him by defendant. Our courts exist for the administration of justice, and not injustice, and I felt that not only was it in my power to set aside the settlement, but that it was my duty to do so, and that I could not conscientiously allow the settlement to stand. The parties by my order are in substantially the same status they were before the attempted settlement and can now have their respective rights determined in the proper way by a trial in court."

■ We give this answer a prominent place in the opinion for, if it is not controverted, Title 7, Sec. 1073, Code 1940, its contents must be considered as true. Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Apperson, 217 Ala. 176, 115 So. 226.

On the required date the attorneys representing the parties appeared in person before this court. At the beginning of the hearing, counsel for petitioner stated that the petition for mandamus theretofore presented was not supported by a duly authenticated transcript of all the procedure in said cause and in order to supply the deficiency he was at that time filing amendment thereto. The record indicates this was done.

This court, through its presiding judge, suggested that the matter be passed to November 26, 1946, at which time the regular call of the Sixth Division would be had. The minutes of the court carry this order. On the last-named date the attorneys again came before the court and, before argument, attorney for respondent filed a motion to strike the record and the proposed amendment thereto on the principal ground that the petition was not supported by a complete and authenticated record of the proceedings in the trial court.

■ Our examination of the record, as amended, brings us to the conclusion that the petition is now supported by a properly authenticated transcript of the proceedings below, which is sufficiently complete to enable us to give due consideration to the questions involved. Therefore, we find no merit in the position that the record should be stricken. Phillips v. Reaves et al., 231 Ala. 364, 165 So. 80.

We come now to consider the petition on its merits.

Title 26, Sec. 278, Code 1940, 1945 Cumulative Pocket Part, provides inter alia: "Any settlements hereunder may be vacated for fraud; undue influence or coercion, upon application made to the judge approving the settlement, at any time not later than six months after the date of settlement. Upon such settlements being approved, judgment shall be rendered thereon and duly entered on the records of said court in the same manner and to have the same effect as other judgments or as an award if the settlement is not for a lump sum."

The answer of the respondent indicates that he viewed his right to vacate his order of the approval of the settlement independently of the provisions of Title 26, Sec. 278, supra, because this authority is granted to him by virtue of Sec. 119, Title 13, Code 1940, which section is denoted generally by the bar as the thirty-day statute. We are in accord with his conclusions.

This section, 119, supra, first appeared in the Code of 1923 as Sec. 6670, and with some addenda, not material to this inquiry, is carried in the current code as noted above. Prior to its first enactment the authority of the circuit court to modify or vacate its records and proceedings extended until the end of the term, and within this right there was included a very wide discretionary latitude. The effect of the provisions of the prevailing law is to reduce the time limit to thirty days in lieu of the end of the term. The limitations of the prior invested authority are not otherwise narrowed. Kolb et al. v. Swann Chemical Corporation, 245 Ala. 438, 17 So.2d 402.

■ There appears to be no doubt that the order approving the settlement is final in its nature and binding on the parties thereto, and if undisturbed has the force and effect of a judgment on the basis of which an enforcement may be had for its satisfaction. 71 C.J., Sec. 699 (2), p. 941.

■ It follows, therefore, that the action of the court in setting aside his former order of approval of the settlement comes under the influence of the thirty-day statute, supra. Ex parte Bozeman, 213 Ala. 223, 104 So. 402.

The action of the respondent in the matter of instant inquiry is determinable by the power and authority conferred upon him by this statute.

The Supreme Court in Ex parte Haisten, 227 Ala. 183, 149 So. 213, 216, says in part: "In cases where there is no question of the regularity of service, or in the rendition of the judgment, the court retains control over the judgment for the period of thirty days, and·may set the same aside, so long as he retains this control, whenever in his discretion the ends of justice require such action, and this discretionary power is irrevisable by mandamus, or otherwise, except for abuse of its discretion."

In Garaca et al. v. Lusco, 232 Ala. 573, 169 So. 12, 13, Justice Foster, writing for the court, observed: "Within thirty days after a default or nil dicit judgment is rendered, the court has the power on such showing as appeals to its discretion to set it aside, and its judgment in doing so is not revisable at all by appeal, but only mandamus and then only for abuse of such discretion."

Justice Livingston wrote for the court in Kolb et al. v. Swann Chemical Corporation, 245 Ala. 438, 17 So.2d 402, 403, and held:

"Prior to the Acts of 1915, page 707, section 3 (now section 119, Title 13, Code of 1940), the power of a court of record over its judgments during the term at which they were rendered was very large, if not unlimited. Under the present statute, section 119, supra, the same power exists for a period of thirty days from the date on which a judgment or decree is rendered.

"In the instant case, the judgment vacated by the lower court was made final on September 17, 1943. It is from this· date that the above-mentioned thirty-day period begins to run; and within this thirty-day period the court set the judgment aside. They were still within the control of the court,—'within the breast of the court,'—

and it had the discretionary power to set them aside."

Attention is directed to the quotation from Reese & Reese v. Burton & Watson Undertaking Co., 28 Ala.App. 384, 184 So. 320, included in respondent's answer, which we have set out, supra. See, also, Batson v. State ex rel. Davis, Solicitor, 216 Ala. 275, 113 So. 300; Parker et al. v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; North Birmingham Trust & Savings Bank v. Hearn, 211 Ala. 18, 99 So. 175; Harris v. Town of East Brewton, 238 Ala. 402, 191 So. 216; Ex parte Parker et al., 172 Ala. 136, 54, So. 572; Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex parte Savage, 28 Ala.App. 440, 186 So. 586; Ex parte Crumpton, 21 Ala.App. 446, 109 So. 184.

■ In the instant proceeding the court below heard the oral testimony of the witnesses who were before him at the hearing of the petition to vacate and annul his approval order. His conclusions, as evidenced by his judgment, must be accompanied by the usual presumption in favor of his action. Parker et al. v. Hayes Lumber Co., supra.

■ To hold that the respondent abused his discretion would be, in our opinion, out of harmony with, in fact in serious discord with, the authorities supra and many others we have read but have not cited.

■ Our considered conclusion is that is would be inappropriate here for us to make a decision on the question of whether or not the statute of limitation had run against the alleged claim at the time the approval order was entered. Limitation as a defense to an action must be specially pleaded. It is a personal action and is subject to waiver.

It appears to us that this question should be decided when opportunity is afforded for the issues to be properly framed.

We prefer, therefore, to base this decision on our conclusion that the motion to strike the record should not be granted and that the respondent did not abuse his discretion in setting aside and vacating his order approving the settlement agreement.

Writ denied.