122 So.2d 727

**William M. BEKURS, as Judge,**

**v.**

**BUMPER SERVICE.**

**I Div. 867.**

Supreme Court of Alabama.

Aug. 18, 1960.

Inge & Twitty, Mobile, for appellant.

Jas. Strickland, Mobile, for appellee.

LAWSON, Justice.

The single issue presented for decision in this case is whether the Circuit Court of

Mobile County erred in ordering Honorable William M. Bekurs, as a judge of the Court of General Sessions of Mobile County, to vacate his order setting aside a default judgment, which order was made fourteen days after the judgment was rendered in the Court of General Sessions.

The Bumper Service brought suit in the Court of General Sessions against Atlanta-New Orleans Motor Freight Company, Inc., hereafter referred to as Motor Freight.

A judgment by default was rendered in favor of The Bumper Service against Motor Freight in the Court of General Sessions on January 29, 1959.

Approximately seven days after the default judgment was rendered Motor Freight filed its motion in the Court of General Sessions to set aside the default judgment, which motion was granted on February 12, 1959.

On March 17, 1959, The Bumper Service filed in the Circuit Court of Mobile County its petition for mandamus, praying that an alternative writ of mandamus be issued commanding Judge Bekurs of the Court of General Sessions to set aside his order granting Motor Freight's motion to set aside the judgment by default or to appear and show cause why he should not do so.

The petition for the alternative writ of mandamus alleged in part that "in view of the fact that seven days had passed since the granting of the judgment by default before the motion to set aside the judgment by default was filed, that the Court of General Sessions had no power to set aside this judgment or grant the motion to set aside the judgment."

The alternative writ of mandamus was issued. Thereupon, Judge Bekurs made a return to the alternative writ wherein he averred in effect that the Court of General Sessions has control over default judgments for a period of thirty days after their entry and that the action setting aside the default judgment in favor of The Bumper Service was taken well within that thirty-day period.

Thereafter the Circuit Court ordered the issuance of the peremptory writ of mandamus as prayed. From that judgment the respondent has appealed to this court. § 1074, Title 7, Code 1940.

█ In the cases hereafter cited the appellate courts of this state have either applied or recognized the rule that circuit courts have the discretionary power to set aside default and nil dicit judgments during the term in which such judgments are rendered, which power is revisable only by mandamus for abuse of discretion. Ex parte Spears, 264 Ala. 256, 86 So.2d 848; Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560; Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513; Kolb v. Swann Chemical Corp., 245 Ala. 438, 17 So.2d 402; Garaca v. Lusco, 232 Ala. 573, 169 So. 12; Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex parte Parker, 172 Ala. 136, 54 So. 572; Talladega Mercantile Co. v. McDonald, 97 Ala. 508, 12 So. 34; Ex parte Savage, 28 Ala.App. 440, 186 So. 586; Reese & Reese v. Burton & Watson Undertaking Co., 28 Ala.App. 384, 184 So. 820.

In some of the cases last cited above there is language to the effect that the discretionary power to set aside default or nil dicit judgments within the term of their rendition is inherent in all courts of record. See Kolb v. Swann Chemical Corp., supra; Talladega Mercantile Co. v. McDonald, supra; Ex parte Savage, supra; Reese & Reese v. Burton & Watson Undertaking Co., supra.

Under § 6667, Code 1923, there were two terms of circuit court, as follows: First, from the first Monday in January to and including the last Saturday of June of every year; and, second, from the first Monday after the Fourth of July to and including the last Saturday before Christmas of every year. But this section was amended so as to eliminate those terms.

Act 56, approved March 26, 1936, General Acts, Extra Session 1936, p. 32. The provisions of the 1936 act, supra, are incorporated in § 114, Title 13, Code 1940, which reads: "The circuit courts of the several counties of the state shall be open for the transaction of any and all business, or judicial proceedings of every kind, at all times." Mann v. State, 265 Ala. 441, 91 So.2d 689; Williams v. Wicker, 235 Ala. 348, 179 So. 250. But see Act 58, approved May 30, 1951, Acts of Alabama 1951, p. 276, as to the terms of the twenty-sixth judicial circuit court (Russell County).

However, prior to the abolition of the terms of circuit courts by the 1936 act, supra, the time within which a circuit court could exercise its discretionary power to set aside a default or nil dicit judgment had been limited to a period of thirty days from the date such judgment was rendered. Act 641, approved September 22, 1915, General Acts 1915, p. 707; § 6670, Code 1923; § 119, Title 13, Code 1940; Kolb v. Swann Chemical Corp., supra; Ex parte Spears, supra.

The appellant, Judge Bekurs, takes the position, in effect, that the principles applicable to the circuit courts which we have stated above have application to the Court of General Sessions of Mobile; that is, that said court has the discretionary power to set aside a default or nil dicit judgment within thirty days from the date of its rendition.

The Court of General Sessions was created by Act 40, approved March 23, 1956, Acts of Alabama, Second Special Session 1956, p. 328. Act 40 was amended in respects not here material by Act 213, approved August 13, 1957, 1957 Acts of Alabama, p. 269.

Act 40 does not expressly authorize the Court of General Sessions to set aside a judgment after its rendition. But said court is designated in the act of its creation as a court of record, hence Judge Bekurs, the appellant, argues that it has the inherent power to set aside judgments. We have cited some Alabama cases which contain language supportive of that argument.

Although designated as a court of record, the Court of General Sessions does not have the same jurisdiction as a circuit court. It is a special court of limited, not general, jurisdiction. It has both criminal and civil jurisdiction. Its civil jurisdiction is that which the justices of the peace have in all precincts in Mobile County outside the limits of the City of Mobile and it also has concurrent jurisdiction with the Circuit Court of Mobile County in all civil matters at law where the amount in controversy does not exceed $500. Costs are the same as provided by law for justices of the peace except for the sum of $1.00 collected for the County Library Fund. In § 19 of Act 40 it is provided:

"The practice, procedure and judgments of the court, in the exercise of the civil jurisdiction conferred by this Act, shall conform to and be governed by the laws applicable to the practice and procedure in the courts of justices of the peace insofar as applicable, and except as otherwise provided in this Act. * * *"

All civil cases are tried by a judge of the court without a jury. Any party has the right to appeal to the circuit court within five days from the rendition of the judgment. On appeal either party may demand a trial by jury under the same rules as are provided for demands for jury trials in cases of appeals from judgments of justices of the peace. The trial in the circuit court is de novo and must conform to the procedure now fixed by law in appeals from courts of justices of the peace. It is the duty of the clerk to issue an execution on all judgments rendered after five days from the entry of the judgment.

As we have shown, it is provided in § 19 of Act 40, supra, that the judgments rendered in civil actions shall conform to and be governed by the laws applicable to the

practice and procedure in the courts of justices of the peace insofar as applicable unless otherwise provided in the Act.

We do not think the fact that the Court of General Sessions is designated as a court of record should be construed as showing a legislative intent to give the court a power over its judgments after their rendition different from that possessed by justices of the peace.

■ A court may be considered a court of record for one purpose and not so considered for another. See England v. State, 240 Ala. 76, 197 So. 365.

In Schmitt v. Querengaesser, 94 Misc. 640, 158 N.Y.S. 575, 578, it was said: "There is no magic in the words 'a court of record.'" It was also said in that case: "Declaring that it is a 'court of record,' as has been done by the Legislature of 1915, does not aid in this respect. It still remains an inferior local court, having only such powers as are granted by statute and the powers incident to fully carry them into effect."

In People ex rel. Swift v. Luce, 204 N.Y. 478, 491, 97 N.E. 850, 853, Ann.Cas.1913C, 1151, it was said:

"* * * The Legislature might create a court with the powers and jurisdiction of a police court in some insignificant village and call it the high court of chancery of that village. The name bestowed on the court would not make it a court of chancery, and equally, as long as the court was really a police court, conferring upon it this grandiose title would not in any degree render the act creating it unconstitutional. In other words, the inquiry is always as to the thing, not as to its name. People ex rel. Sinkler v. Terry, 108 N.Y. 1, 10, 14 N.E. 815."

We have not overlooked our case of Aetna Auto Finance, Inc., v. Kirby, 240 Ala. 228, 230, 198 So. 356, 357, where we said: "The Intermediate Civil Court of Birmingham established by local Act No. 363, p. 219, approved September 7, 1935, is a court of record and its judgments are subject to registration under § 7874 of the Code." The Intermediate Civil Court of Birmingham was designated as a court of record by the Act of its creation, yet express provision was made for the setting aside of judgments after their rendition. It was provided in § 16 of the Act approved September 7, 1935, supra, as follows:

"That each calendar month shall constitute a term of said court, except that after five days from the rendition of a judgment in any cause the said judgment shall be beyond the jurisdiction and out of the power of the court the same as if the term of the court ended on said fifth day after the rendition of said judgment, but the court shall have the power to set aside, vacate or modify its judgments upon motion made within five days after the rendition of same, which said motion must be promptly determined. And the court may be open for business and render default or other judgments at any time after nine o'clock in the morning of each day and all processes of the court where no time is otherwise fixed shall be returnable at nine o'clock A.M. of the return day."

This court held in Hauser v. Foley & Co., 190 Ala. 437, 439, 67 So. 252, that "In the absence of a statute providing otherwise a justice of the peace has no control over a judgment after the day of its rendition; and such judgment, if valid upon its face, cannot be thereafter vacated by him on the motion of a party for any sort of irregularity in fact." To like effect is General Motors Acceptance Corp. v. Eaton, 24 Ala. App. 533, 137 So. 780, certiorari denied 223 Ala. 622, 137 So. 781.

The judgment vacated by the Court of General Sessions was for aught appearing valid on its face and as far as we are advised there is no statute authorizing jus-

tices of the peace to set aside a judgment after the day of its rendition.

Having construed Act 40, supra, as limiting the power of the Court of General Sessions over its judgments to that possessed by justices of the peace, it follows that we conclude that the Court of General Sessions was without power on February 12, 1959, to set aside the judgment in favor of The Bumper Service and that the Circuit Court of Mobile County correctly ordered the issuance of the peremptory writ of mandamus.

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.