Innes McIntyre and 4M, LLC ("4M"), appeal from the Montgomery Circuit Court's denial of their "Motion for Relief from Judgment," filed pursuant to Rule 60(b)(1), Ala. R. Civ. P. For the reasons discussed below, we dismiss the appeal.
On November 8, 2004, Satch Realty, Inc. ("Satch Realty"), filed a complaint against 4M and its managing member, Innes McIntyre. Satch Realty alleged that the parties had entered into an agreement whereby Satch Realty was given the exclusive right to act as McIntyre's and 4M's sole agent for the purpose of finding an entity to lease a parcel of property in Georgia that McIntyre and 4M owned ("the property"). Satch Realty alleged that it had obtained a lessee for the property but that McIntyre and 4M had failed to compensate it as provided for by the agreement.
On January 20, 2005, Satch Realty moved the trial court to enter a default judgment in its favor because McIntyre and 4M had not filed answers to the complaint. On January 26, 2005, the trial court entered a default judgment in Satch Realty's favor and scheduled a damages hearing for March 1, 2005. Because the default judgment entered on January 26, 2005, did not include an assessment of damages, it was nonfinal. See Ex parte FamilyDollar Stores of Alabama, Inc., 906 So.2d 892, 897
(Ala. 2005).
On February 3, 2005, McIntyre and 4M filed an answer to the complaint and moved the trial court to set aside the default judgment. See Rule 55(c), Ala. R. Civ. P. In their motion to set aside the default judgment, they stated:
 "That Defendant, Innes McIntyre, and Stephen Saunders, the president of *Page 137 
the Plaintiff Corporation, have maintained a personal relationship over the past several years. Prior to retaining counsel, Innes McIntyre and Stephen Saunders directly discussed several alternatives to resolving this dispute and Innes McIntyre was operating under the understanding that resolving the dispute between the parties was still a possibility. However, upon Defendants receiving notice that the Plaintiffs motion for a default judgment had been granted Defendants immediately consulted with and retained counsel to represent them in this suit."
They further stated in their motion that they had a valid defense to Satch Realty's action, although they did not elaborate on that defense.
On March 1, 2005, the trial court held a hearing on damages. On March 11, 2005, it entered a final default judgment in Satch Realty's favor, awarding it $37,738. The trial court's judgment did not refer to 4M and McIntyre's pending motion to set aside the default judgment.
On March 25, 2005, the trial court scheduled a hearing for April 12, 2005. On April 22, 2005, following oral argument on 4M and McIntyre's motion to set aside the default judgment, the trial court entered an order denying that motion.
On April 29, 2005, 4M and McIntyre, invoking Rule 60(b)(1), Ala. R. Civ. P., filed a "Motion for Relief from Default Judgment" to which they attached a memorandum of law and an evidentiary submission. In their memorandum of law, they addressed the three factors that a trial court should consider in determining whether to set aside a default judgment, as explained inKirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988).[1] First, they elaborated on the meritorious defense to which they had alluded in their previous motion to set aside the default judgment by setting forth a detailed background of the facts surrounding the agreement into which the parties had entered. They argued that 4M was not liable to Satch Realty for compensation under the contract because, due to circumstances beyond its control, 4M was not able to put into effect the lease agreement with the prospective tenant that Satch Realty had procured for it. They argued that McIntyre could not be liable to Satch Realty because he did not enter into the agreement in his individual capacity, but signed the agreement only on behalf of 4M, as one of its members. McIntyre and 4M also argued that Satch Realty would not be unfairly prejudiced by the trial court's setting aside the default judgment. Finally, they argued that their conduct that led to the entry of the default judgment against them was not culpable, essentially restating the argument they had set forth in their earlier motion to set aside the default judgment that, because of the prior personal relationship between McIntyre and Satch Realty's president and the course of their settlement discussions following the filing of the action, McIntyre had assumed that Satch Realty would afford him and 4M the opportunity to file an answer beyond the 30-day period following service of the complaint.
On September 6, 2005, the trial court denied McIntyre and 4M's Rule 60 motion for relief from judgment. On that same day, McIntyre and 4M appealed from the trial court's denial of that motion.
McIntyre and 4M contend that the trial court erred when it denied their motion for relief from the default judgment because, they assert, all three of the Kirtland factors weighed in favor of setting aside the *Page 138 
default judgment. They also contend that the trial court erred by failing to include in its order denying their motion for relief from the default judgment any demonstration that it had actually considered the three Kirtland factors.
It is the duty of this court to consider, ex mero motu
when necessary, whether it has jurisdiction to consider the merits of an appeal. The timely filing of a notice of appeal is a jurisdictional act. Gunnison-Mack v. State Pers. Bd.,923 So.2d 319, 320 (Ala.Civ.App. 2005). Having reviewed the record in this case, we conclude that the appeal in this case was untimely, and, as a result, we must dismiss the appeal.
The trial court entered a final default judgment in this case on March 11, 2005. Thereafter, it took up and considered, for the first time, McIntyre and 4M's first motion to set aside the default judgment. Thus, the trial court treated their motion, filed before the entry of the final default judgment, as a postjudgment motion. Although McIntyre and 4M argue on appeal that their motion was directed at the January 26, 2005, nonfinal default judgment, the record fails to disclose that McIntyre and 4M objected to the trial court's treatment of their motion as a postjudgment motion addressed to the final default judgment.[2] In the absence of any objection from McIntyre and 4M as to the timing of the trial court's consideration of their motion to set aside the default judgment, we must conclude that their motion to set aside the default judgment became a post-judgment motion, and therefore we, like the trial court, treat it as such.
The pendency of McIntyre and 4M's motion to set aside the trial court's March 11, 2005, final judgment tolled the time for taking an appeal from that judgment. See Rule 4(a)(3), Ala. R.App. P. The time for appeal began to run anew (and the judgment became final for purposes of Rule 60(b)), however, upon the denial of that postjudgment motion on April 22, 2005. Thus, the 42-day period for taking an appeal as to the trial court's March 11, 2005, judgment expired on June 3, 2005. Rule 4(a)(1), Ala. R.App. P. McIntyre and 4M's appeal in this case was filed on September 6, 2005, and, thus, is untimely.
As previously noted, following the denial of their Rule 55(c) motion to set aside the default judgment, McIntyre and 4M filed a Rule 60(b) postjudgment motion, seeking, once again, to have the default judgment set aside. Although McIntyre and 4M's Rule 60(b) motion provided more factual detail than their previously denied Rule 55(c) motion had and although their Rule 60(b) motion actually explained the allegedly meritorious defenses to which they had merely alluded in their previous motion, "the relief sought reveals that [McIntyre and 4M were] simply attempting to have a second review of the [default] judgment and to have the trial court reconsider its previous denial of [their] post-judgment motion." Foster v. Foster,636 So.2d 467, 468 (Ala.Civ.App. 1994). Rule 60(b), however, cannot serve as a basis for a motion that, in effect, seeks a reconsideration of matters already considered by the trial court in a previous postjudgment motion when the facts alleged in the Rule 60(b) motion "were known by the moving party *Page 139 
at the time of his original [postjudgment] motion." Ex parteDowling, 411 So.2d 400, 403 (Ala. 1985). Such a Rule 60(b) motion, and a subsequent appeal of the denial of such a motion, cannot be used as a substitute for an appeal of the trial court's original judgment. See, e.g., Landers v. Landers,812 So.2d 1212, 1216 (Ala.Civ.App. 2001) ("Alabama precedent is clear that a Rule 60(b) motion may not be used to seek reconsideration of a trial court's denial of a postjudgment motion, nor are Rule 60(b) motions substitutes for appeal."); and Pace v.Jordan, 348 So.2d 1061 (Ala.Civ.App. 1977) (having failed to obtain review by appeal following denial of his postjudgment motion for a new trial, the plaintiff may not obtain review pursuant to the filing of a Rule 60(b) motion, because that rule does not provide a substitute for an appeal).
As noted, the timely filing of a notice of appeal is a jurisdictional act. Gunnison-Mack, supra. We therefore must dismiss the appeal for lack of appellate jurisdiction.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
BRYAN, J., recuses himself.
[1] These factors are often referred to as the "Kirtland factors."
[2] A nonfinal default judgment merges into, and becomes, a final judgment once a damages award is entered. See Ex parteSavage, 28 Ala.App. 440, 441, 186 So. 586, 587 (1939) (treating a motion to set aside a nonfinal default judgment that was filed after entry of final default judgment as directed at the final, rather than the nonfinal, default judgment). Cf.Ex parte Family Dollar Stores of Alabama, Inc.,906 So.2d 892, 896 (Ala. 2005) (holding that a nonfinal judgment that reserves assessment of damages "becomes a final judgment" once damages are assessed).