MURDOCK, Justice.
Kristie Haynes petitions this Court for a writ of mandamus directing the trial court to set aside its order granting the defendants’ motion to set aside the default judgment entered against them on Haynes’s complaint in an action resulting from a vehicle collision and alleging negligence and wantonness. We grant the petition and issue the writ.

I. Facts and Procedural History

Though not stated directly, it appears from the submissions filed in conjunction with Haynes’s petition that she was involved in a vehicle collision with a truck driven by Jason Williams, who was apparently employed by and working in the line and scope of his employment with Sam’s Trucking, Inc. (“Sam’s Trucking”), at the time of the accident. Sam’s Trucking is a corporate affiliate of Casey Trucking, Inc. (“Casey Trucking”), and both operated out of the same premises and are owned by defendant James Casey.
Haynes sued Williams, Casey, Sam’s Trucking, and Casey Trucking on October 26, 2006,[1] alleging that she sustained severe injuries to her spine and neck as a result of a vehicle collision caused, she alleged, by the defendants’ negligence and wantonness. Haynes stated that her medical expenses for her injuries were $39,500. She alleged that she sustained pain and suffering, permanent physical impairment, loss of employment, loss of income, and loss of quality of life and that she suffered mental anguish as a result of the accident. Haynes requested $350,000 in total damages for her injuries.
The complaint was served on the following dates: on Sam’s Trucking on November 28, 2006; on Williams on July 8, 2007; on Casey on August 6, 2007; on Casey Trucking on September 10, 2007. For reasons not explained in the submissions before us, none of the defendants filed responsive pleadings to the complaint. Accordingly, Haynes filed for and received from the trial court an entry of default judgment against all the defendants on January 15, 2008. The trial court awarded Haynes her requested damages of $350,000.
On February 14, 2008, the defendants filed a “Motion to Set Aside Default Judgment,” in which they requested “pursuant to Rule 55(c), Alabama Rules of Civil Procedure,” that the trial court set aside its January 15, 2008, order of default judgment. The motion provided the following explanation as the sole ground for the requested relief:
“5. The undersigned is aware of and concedes that no responsive pleading has been filed on behalf of his clients, the Defendants in the instant case. However, that failure to answer, plead or otherwise defend is purely a matter of oversight on the part of the attorney and is/was inadvertent.
“6. The Defendants should not be punished for their attorney’s excusable neglect. They are prepared to go forward with this litigation.”
The motion was not accompanied by any exhibits or a brief containing an argument in support of the motion.
Haynes filed a response to the defendants’ motion to set aside the default judgment in which she noted that the motion “merely sets forth bare legal conclusions *763 without factual support.” In conjunction with this observation, she noted that the defendants did not argue that they were entitled to relief under any of the three factors for setting aside a default judgment articulated by this Court in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988).[2]
Despite Haynes’s objections, the trial court entered an order on June 5, 2008, purporting to set aside the default judgment against the defendants. The following day, Haynes filed a “Motion to Rescind” the trial court’s June 5, 2008, order pursuant to Rule 59.1, Ala. R. Civ. P.[3] Haynes observed that the trial court had entered its order more than 90 days after the defendants had filed their motion to set aside the default judgment, and that there had been no agreement between the parties to extend the time under which the trial court could rule on the motion. Therefore, Haynes argued, the defendants’ motion to set aside the default judgment was denied by operation of law on May 14, 2008.
Five months later, on November 10, 2008, the trial court entered an order granting Haynes’s motion to rescind the court’s June 5, 2008, order purporting to set aside the default judgment, and it reinstated its previous order of default. The order also provided that “the Court is considering Defendants’ Motion To Set Aside Default Judgment as a 60(b)[, Ala. R. Civ. P.,] motion.” Haynes filed two responses objecting to the trial court’s construing the defendants’ motion to set aside the default judgment as a Rule 60(b), Ala. R. Civ. P., motion. She again noted that the motion failed to set forth substantive reasons why the defendants were entitled to have the default judgment set aside under the Kirtland factors. She also stated various reasons why she believed the defendants were not entitled to relief under Rule 60(b), Ala. R. Civ. P.
On December 24, 2008, the defendants filed what they styled “Defendants’ Argument and Citations to Authority in Support of Defendants’ Motion to Set Aside Default Judgment.” In this motion, the defendants contended, for the first time, that they were entitled to have the default judgment set aside under the Kirtland factors. The defendants attached to this filing an affidavit from an alleged eyewitness to the accident as well as records from the Calera Fire and Rescue Department indicating that Haynes had refused medical treatment and transport to a hospital at the scene — intending to show their meritorious defense. The filing also included arguments and authorities for why the defendants believed that the trial court possessed the authority to construe their *764 original motion to set aside the default judgment as a Rule 60(b) motion.
On June 11, 2009, the trial court entered an order treating the defendants’ motion as a Rule 60(b) motion and granting that motion, i.e., setting aside the default judgment. Haynes petitions this Court for a ■writ of mandamus directing the trial court to set aside that order.

II. Standard of Review

“When considering a petition for a writ of mandamus compelling a trial court to vacate an order setting aside a default judgment, the standard this Court applies is whether, in setting aside the default judgment, the trial court exceeded its discretion.” Ex parte Bolen, 915 So.2d 565, 568 (Ala.2005).

III. Analysis

Haynes contends that the trial court exceeded its discretion in construing the defendants’ Rule 55(c) motion as a Rule 60(b) motion. Haynes argues that once the defendants’ “Motion to Set Aside Default Judgment” was denied by operation of law under Rule 59.1, on May 14, 2008, the defendants’ remedy was to appeal — a remedy that the defendants failed to pursue.
The defendants contend that the trial court acted appropriately because, they say, their “Motion to Set Aside Default Judgment” was a Rule 55(c) motion or, alternatively, a Rule 60(b) motion. The defendants acknowledge that the motion itself stated that it was being filed “pursuant to Rule 55(c),” but they also note that the motion states that the failure to file a responsive pleading was the result of “oversight” and “their attorney’s excusable neglect” and that it was “inadvertent.” They argue that “these contentions are clearly consistent with Rule 60(b)(1)” and that, after seeking relief under Rule 55(c), the defendants sought relief in the alternative under Rule 60(b)(1). More specifically, the defendants contend that when their Rule 55(c) motion was denied by operation of law, it “quickened” the Rule 60(b) aspect of the motion, allowing it to be considered by the trial court. For support, the defendants cite Ex parte Lang, 500 So.2d 3, 4-5 (Ala.1986), in which this Court stated, in pertinent part:
“It is clear that under our Rules of Civil Procedure the nomenclature of a motion is not controlling. Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala. 1981). Notwithstanding the designation in its title, the document filed on October 7, 1985, was clearly a Rule 60(b) motion (albeit, prematurely filed) seeking relief under grounds (1) and (6); the trial court properly treated it as such. The Alabama Rules of Civil Procedure do not contemplate the filing of a Rule 60(b) motion during the pendency of a Rule 55(c) motion. But while the Rules do not contemplate it, they do not preclude it, either. Under Rule 59.1, the Rule 55(c) motion was denied as a matter of law on November 26, 1985 (90 days after August 28, 1985); upon that denial, the default judgment of August 12 became ‘final’ within the contemplation of Rule 60(b) — '[o]n motion ... the court may relieve a party ... from a final judgment’ — and the court was free to consider the Rule 60(b) motion, which had been theretofore premature. We consider that the Rule 60(b) motion was quickened and became a pending motion as of November 27, 1985, without the necessity of a refiling. Thus, the court had jurisdiction of that motion at the time of its order granting the motion on December 3,1985.”[4]
Lang involved successive Rule 55(c) and Rule 60(b) motions, but as the defendants *765 observe, this Court subsequently allowed an alternative Rule 55(c) and Rule 60(b) motion in Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989). As the Court of Civil Appeals has succinctly explained:
“[W]hile it frowns upon the practice, Alabama law allows a party to join a request for relief from judgment under Rule 60(b) with a request for a post-judgment remedy affected by Rule 59.1’s 90-day ‘automatic denial.’ See Ex parte Vaughan, 539 So.2d 1060 (Ala. 1989). In Vaughan, our Supreme Court considered the propriety of a motion seeking an order pursuant to Rule 55(c), Ala. R. Civ. P., setting aside a default judgment and alternatively seeking relief from the judgment pursuant to Rule 60(b). Relying upon its earlier opinion in Ex parte Lang, 500 So.2d 3, 5 (Ala. 1986), the Vaughan court concluded that such a motion seeking alternative relief was not precluded by the Rules of Civil Procedure, although ‘the better practice is to file a Rule 60(b) motion only when there is a final judgment in the case.’ 539 So.2d at 1061.”
Ex parte Gamble, 709 So.2d 67, 70 (Ala. Civ.App.1998).
The problem with the defendants’ argument is that in the motion filed here, no distinction is made between the grounds for relief under Rule 55(c) and those for relief under Rule 60(b). The defendants’ motion makes no mention of Rule 60(b), but, more importantly, in order plausibly to be considered a viable Rule 60(b) motion it must ask for relief on grounds that amount to more than a request for a mere reconsideration of the denial of the defendants’ original Rule 55 motion. Here, the sole ground for relief stated in the motion was the defendants’ attorney’s “inadvertence” and “excusable neglect.” Because there existed nothing in the motion to distinguish the Rule 55(c) motion from the purported Rule 60(b) motion, any Rule 60(b) aspect to the motion would simply constitute a motion to “reconsider” the Rule 55(c) motion.
In McIntyre v. Satch Realty, Inc., 961 So.2d 135, 138-39 (AIa.Civ.App.2006), the Court of Civil Appeals stated:
“Although McIntyre and 4M’s Rule 60(b) motion provided more factual detail than their previously denied Rule 55(c) motion had and although their Rule 60(b) motion actually explained the allegedly meritorious defenses to which they had merely alluded in their previous motion, ‘the relief sought reveals that [McIntyre and 4M were] simply attempting to have a second review of the [default] judgment and to have the trial court reconsider its previous denial of [their] post-judgment motion.’ Foster v. Foster, 636 So.2d 467, 468 (Ala. Civ.App.1994). Rule 60(b), however, cannot serve as a basis for a motion that, in effect, seeks a reconsideration of matters already considered by the trial court in a previous postjudgment motion when the facts alleged in the Rule 60(b) motion ‘were known by the moving party at the time of his original [post-judgment] motion.’ Ex parte Dowling, 477 So.2d 400, 403 (Ala.1985). Such a Rule 60(b) motion, and a subsequent appeal of the denial of such a motion, cannot be used as a substitute for an appeal of the trial court’s original judgment. See, e.g., Landers v. Landers, 812 So.2d 1212, 1216 (Ala.Civ.App.2001) *766 (‘Alabama precedent is clear that a Rule 60(b) motion may not be used to seek reconsideration of a trial court’s denial of a postjudgment motion, nor are Rule 60(b) motions substitutes for appeal.’); and Pace v. Jordan, 348 So.2d 1061 (Ala. Civ.App.1977) (having failed to obtain review by appeal following denial of his postjudgment motion for a new trial, the plaintiff may not obtain review pursuant to the filing of a Rule 60(b) motion, because that rule does not provide a substitute for an appeal).”
(Emphasis added.) See also Ex parte Dowling, 477 So.2d 400, 408 (Ala.1985) (stating that “[wjhere the facts alleged in the motion to reconsider were known by the moving party at the time of his original motion, Rule 60(b) does not authorize a motion to reconsider”); Brown v. Martin, 394 So.2d 375, 377 (Ala.Civ.App.1980) (declining to treat appellant’s motion to reconsider an order denying his motion to set aside a default judgment as a motion for relief under either Rule 60(b)(1) or 60(b)(6) because the “motion was nothing more than a motion for the trial court to reconsider its previous order. Practically nothing different was presented by the motion to reconsider than was presented by the motion to set aside the default judgment.”).[5]
Similar to the situation in McIntyre, the defendants in their December 24, 2008, filing related information concerning their alleged meritorious defense that could have been presented in their initial February 14, 2008, motion. (Specifically, the defendants explained that accident records and eyewitness testimony indicated that Haynes was not injured in the accident.) In short, the substance of this subsequent filing confirmed that the defendants were simply attempting, through Rule 60(b), to obtain another review of the denial of their postjudgment motion for relief from the default judgment.
The lack of any distinction in the grounds for relief based on Rule 55(c) as opposed to Rule 60(b) in the defendants’ motion along with the fact that the defendants presented information in their subsequent filing that could have been presented in their original motion prohibits our viewing the defendants’ motion as, alternatively, both a Rule 55(c) motion and a Rule 60(b) motion; to do so would be to permit a Rule 60(b) motion to be used as a substitute for an appeal. See Dowling, All So.2d at 404 (noting that “[a] motion to reconsider cannot be used as a substitute for an appeal”).

IV. Conclusion

The defendants’ motion to set aside the default judgment cannot succeed as a motion seeking relief under both Rule 55(c) and Rule 60(b). Even if it could be *767 deemed a motion asking in the alternative for relief under Rule 60(b), the defendants’ motion would in this respect add nothing to the previously denied Rule 55(c) motion and thus would constitute an improper attempt to use a Rule 60(b) motion as “a substitute for an appeal of the original judgment.” Accordingly, the trial court erred in treating the defendants’ motion to set aside the default judgment as a Rule 60(b) motion and in granting it. We therefore grant Haynes’s mandamus petition and direct the trial court to set aside its order granting the defendants’ motion and to reinstate its default judgment.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.

. The trial court's order entering a default judgment indicates that Haynes also named as a defendant Ronald English, but neither the briefs of the parties nor the submissions in support of die mandamus petition explain English’s connection to the case. In any event, Haynes apparently stipulated that English should be dismissed as a defendant in the case, and the trial court granted the dismissal. English is not involved in this petition.

. The Kirtland Court held that
"a trial court’s broad discretionary authority under Rule 55(c)[, Ala. R. Civ. P.,] should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.”
Kirtland, 524 So.2d at 605.

. Rule 59.1, Ala. R. Civ. P., provides, in pertinent part:
“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”

. In this manner, the defendants also seek to avoid any difficulty with the timing of the filing of their purported Rule 60(b) motion. If the motion is construed as, alternatively, *765 both a Rule 55(c) motion and a motion for relief under Rule 60(b)(1), then the defendants filed their Rule 60(b) motion within four months after the initial judgment, as permitted by Rule 60(b). If, on the other hand, the defendants’ motion was not considered filed as a Rule 60(b) motion until the trial court construed it as such in its November 10, 2008, order, then it was not timely filed.

. Compare Continental Grain Co. v. Small-wood, 669 So.2d 995, 997 (Ala.Civ.App.1995):
"We first note that the employer in the case sub judice is not attempting to avoid the strictures of Rule 59.1 by asking this court to treat a properly filed Rule 55 motion as a Rule 60(b) motion. See, for example, Sexton v. Prisock, 495 So.2d 581 (Ala. 1986); Ex parte Adams, 534 So.2d 626 (Ala. Civ.App.1988); Ex parte Colonial Life & Accident Insurance Co., 410 So.2d 73 (Ala.Civ. App.1982); and Carnes v. Carnes, 365 So.2d 981 (Civ.App.1978), cert, denied, 365 So.2d 985 (Ala. 1979). "The employer’s motion specifically asked for relief pursuant to Rule 55 or Rule 60, and enumerated specific grounds for relief in each of the alternative theories. At most, the employer's Rule 60 motion was filed prematurely, i.e., before there was a final judgment.”
(Some emphasis original; some emphasis added.) As previously noted, Lang involved separate and successive postjudgment motions; the second motion expressly asserted grounds for relief under Rules 60(b)(1) and (6) that, for all that appears from the opinion of the Court, had not been raised in the earlier motion.