These appeals are before this Court as a result of a judgment made final under Rule 54 (b), Alabama Rules of Civil Procedure. The order was entered March 3, 1983, by the Circuit Court of Marshall County. We affirm.
The factual background as stated in the order "is that the plaintiffs [the Adamses] were the owners of certain cattle and that the defendants, being members of a humane society and finding the plaintiffs' cattle in poor condition, seized the cattle without any legal process and, later sold the cattle." The complaint in Count I sought damages for conversion and trespass and in Count II for wrongful detention of the plaintiffs' cattle by the defendants.
The trial court granted a partial summary judgment for plaintiffs (cattle owners) but denied them a monetary judgment, reserving the issue of damages for the jury. The plaintiffs appeal the denial of a monetary judgment. The trial court also denied defendants' motion for summary judgment in which they contended that their acts were constitutional and authorized under Code of 1975, § 3-1-13. The defendants (the Humane Society and certain employees) appealed the denial of their motion for summary judgment.
The issue noted by the plaintiffs (cross-appellants) on their notice of appeal (the denial of the monetary judgment) was not argued in brief. Issues not argued in brief are waived. Boshellv. Keith, 418 So.2d 89, 92 (Ala. 1982). Consequently, the sole issue presented for review is whether the trial court was correct in finding § 3-1-13 unconstitutional and in denying defendants' motion for summary judgment. *Page 152 
The statute in question, Code of 1975, § 3-1-13, states:
 "Any duly authorized officer or employee of a recognized humane society shall have the right to take charge of any animal which is sick or disabled due to neglect or is being cruelly treated or abused and to provide care for such animal until it is deemed to be in suitable condition to be returned to its owner or to the person from whose custody such animal was taken.
 "The officer so taking such animal shall at the time of taking the animal give written notice to the owner or person from whose custody it was taken.
 "The necessary expenses incurred for the care and keeping of the animal after such notice by the humane society shall be a lien thereon and, if the animal is not reclaimed within 10 days from the giving of such notice, the humane society may sell the animal to satisfy such lien. If the humane society determines that the animal cannot be sold, it may cause the animal to be otherwise disposed of."
Other jurisdictions with statutes similar to Alabama's have found them unconstitutional on due process grounds. We quote at length from the well-reasoned opinions of two other courts on the due process issue. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333,96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).
The Supreme Court of Colorado considered that state's similar animal neglect statute and struck it down in 1907, saying:
 "The doctrine of the authorities is that whenever it is sought to deprive a person of his property, or to create a charge against it, preliminary to, or which may be made the basis of, taking it, the owner must have notice of the proceeding, and be afforded an opportunity to be heard as to the correctness of the assessment or charge. It matters not what the character of the proceeding may be, by virtue of which his property is to be taken, whether administrative, judicial, summary, or otherwise. At some stage of it, and before the property is taken or the charge becomes absolute against either the owner of his property, an opportunity for the correction of wrongs and errors which may have been committed must be given. Otherwise the constitutional guarantees above cited are infringed. . . . [W]e find the statute seeks to clothe the humane society and its agents with extraordinary powers. By its terms the agent is the sole judge of whether an animal is neglected, abandoned or ill treated, and whether it has sufficient food, nourishment, and shelter. The truth respecting the matter cannot avail, because the agent is clothed with power to take possession of the animals, regardless of their condition. No tribunal or any hearing is provided to determine the facts. The agent may in his discretion take possession and create a charge which becomes a lien upon the property without notice or hearing." Jenks v. Stump, 41 Colo. 281, 286-88, 93 P. 17, 19 (1907).
In examining West Virginia's animal neglect statute, which is similar to Alabama's statute, the Supreme Court of Appeals of West Virginia stated:
 "There is no provision for a pre-seizure or even an expeditious post-seizure hearing to contest the validity of the humane officer's determination of abandonment, neglect, or cruel treatment or to contest the validity of the lien which arises perforce. This failure to provide the animals' owner a reasonable opportunity to be heard at some stage in the proceedings is the most serious constitutional deficiency of [the statute]." Anderson v. George, 233 S.E.2d 407, 409 (W.Va. 1977).
The State of Alabama has a legitimate interest in seeing that animals are treated humanely. Any legislation enacted by the State to further that interest, however, obviously must comply with due process requirements. Cf. Pike v. Southern BellTelephone Telegraph Co., 263 Ala. 59, 81 So.2d 254 (1955). The elements of due process referred to in the quoted opinions are *Page 153 
lacking in Alabama's statute, § 3-1-13. Humane Society officers or employees are authorized to seize an animal which, in their sole discretion, is abused or neglected. In addition to the deprivation of the owner's interest in his animals, he becomes liable for any expenses for their care, the amount of which expenses being solely controlled by the Society. The only "notice" the owner receives is of the seizure and of the sale. The statute provides no opportunity for the owner to contest the seizure or the sale of the animals.
Accordingly, we are compelled to conclude that the statute is unconstitutional on due process grounds. Constitution of 1901, Art. I, § 6. It follows that the trial court correctly granted the plaintiffs' motion for summary judgment on the count of conversion, and correctly denied the summary judgment motion of defendants.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, and ADAMS, JJ., concur.
EMBRY, J., not sitting.