PER CURIAM.
Louis F. Hollander (“the father”) and Vickie L. Nance (“the mother”) were divorced in 1996. Custody of the parties’ three-year-old daughter was awarded to the mother; the father was granted visitation rights and was ordered to pay child support in the amount of $233 per month.
In August 2001, the father filed a petition to modify custody and a petition to hold the mother in contempt, seeking, among other things, to have custody of the child transferred to him. The father alleged that the mother’s home was unsafe and unstable for the child, that the mother was neglecting the child’s medical and educational welfare, and that the mother was destroying his relationship with the child. The mother denied those allegations and counterpetitioned, seeking a modification of the father’s visitation rights, an increase in child support, and an order allowing her to claim the child as a dependent for income-tax purposes. She also sought to have the father held in contempt for failing to comply with certain provisions of the divorce judgment relating to the child’s health insurance and for being in arrears in paying child support.
The trial date, which was originally set for February 2002, was continued several times as a consequence of the father’s *1277 having dismissed one attorney and having retained another attorney and the parties’ having participated in mediation. The trial date was reset for Monday, January 27, 2003. On Friday, January 24, the father filed a letter with the circuit court stating that he had terminated his attorney and requesting a continuance of the trial so that he could hire another attorney. The father sent a copy of the letter by facsimile transmission to the mother’s attorney.
The father failed to appear at trial on Monday, January 27. At that time, the mother’s attorney told the trial judge that she had received the father’s letter at 4:57 p.m. on the previous Friday, January 24, 2003. She also represented in open court that she had been told by someone in the trial judge’s office that, on Friday, the judge’s secretary had informed the father that he should be in court on Monday, January 27. The mother moved for a dismissal of the father’s petition and for a default judgment in her favor on the coun-terpetition.
The trial court did not specifically rule on the mother’s motion to dismiss the father’s petition. However, it denied the father’s motion for a continuance, and it heard evidence on.the mother’s counter-petition. On January 31, 2003, the trial court entered a judgment modifying the father’s visitation schedule in several respects, providing for the parties to alternate claiming the income-tax-dependency exemption with respect to the child each year, increasing the father’s child-support obligation to $318 per month, awarding the mother a child-support arrearage of $1,360, and awarding the mother an attorney fee of $1,000. The judgment , did not address any of the issues raised by the father’s petition.
The father filed a timely motion pursuant to Rule 59(e), Ala. R. Civ. P., seeking to alter, amend, or vacate the court’s January 31 judgment and requesting a hearing. The father averred: :
“It was my understanding that because I did not have an attorney on January 27, 2003, ... I did not have to appear in court on January 27, 2003, and ... my case would be continued until I could employ a new attorney. My understanding was based upon conversations that I had with Your Honor’s secretary. If I misunderstood what Your Honor’s secretary told me, I ask that I not be penalized in your consideration of and ruling on this my motion for a new hearing and trial and on this my motion to alter, amend, or vacate. I wrote letters to Your Honor, to the attorney for the Respondent, and to my former attorney in addition to calling the office of Your Honor and talking to your staff. I - was diligently trying to employ a new attorney. If I had understood that I was supposed to be in court on January 27, 2003, I would have been in court. I thought I was doing what I was supposed to do.
“I did employ a new attorney, ... on or about February 12, 2003, [who] filed a notice of appearance ... with this Court on February 14, 2003.”
The trial court denied the father’s post-judgment motion without a hearing. The father appeals.

I. The Father’s Petition

The trial court did not expressly rule on the mother’s motion to dismiss the father’s petition. However, the import of the court’s denying the father’s motion for a continuance and its failure to address any of the father’s claims in its January 31, 2003, judgment was to grant a dismissal of the father’s petition for failure to prosecute, pursuant to Rule 41(b), Ala. R. Civ. P. “The dismissal of a civil action for want of prosecution because of the plaintiffs *1278 failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power.” Thompson v. McQuagge, 464 So.2d 105, 106 (Ala.Civ.App.1985). Although dismissal is a harsh sanction, it is warranted where there is a dear record of delay, willful default or contumacious conduct by the plaintiff. Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332, 341 (Ala.1991). Because the trial judge is in the best position to assess the conduct of the plaintiff, the trial court’s “decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court.” Id.
The record indicates that the father instructed his attorney to move for a withdrawal from the case less than seven days after the filing of the father’s petition; that the father employed a new attorney approximately one month later; that the trial was originally set for February 2002, but was continued to March 2002 after the father’s initial attorney was allowed to withdraw; and that the trial was reset several times thereafter, with a final trial setting of Monday, January 27, 2003, over 16 months after the father’s petition was filed. As we have noted, on the Friday before the Monday trial setting, the father transmitted a letter to the trial court indicating that he had terminated the employment of his attorney on the previous day and requesting a continuance until he could retain new counsel. The trial court’s judgment indicates that the trial court’s office administrator advised the father at that time “that he should be in court on Monday, January 27, 2003”; nevertheless, the father did not appear as ordered.
We note that the father, in his postjudgment motion, asserted that if he had understood that he was supposed to be in court on the date the trial was set to begin, he would have appeared for court. However, the trial court could have concluded from the evidence before it and from conferring with officers of the court that the father’s conduct instead amounted to an llth-hour tactic to delay the trial and that his failure to appear in court as scheduled was a deliberate act. Regardless of whether the father chose to be represented by counsel or to represent himself, it was his duty as a party to keep abreast of the status of the case (see Waters v. Smith, 586 So.2d 22 (Ala.Civ.App.1991)), and it is well settled that “[rjules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.” Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889, 890 (Ala.Civ.App.1991). Given our Supreme Court’s admonition to accord “considerable weight” to a ruling on a motion to dismiss for failure to prosecute (Jones, 604 So.2d at 341), we cannot properly conclude that the trial court’s ruling amounted to an abuse of its discretion under Rule 41(b), Ala. R. Civ. P.

II. The Mother’s Counterpetition

The father argues on appeal that the default judgment in favor of the mother on her counterpetition should be set aside, at least insofar as that judgment relates to the issue of child support. He argues that the judgment is unsupported by the CS-41 and CS^42 forms mandated by Rule 32, Ala. R. Jud. Admin. However, the father’s Rule 59(e) motion made no such claim or argument to the trial court. The father’s postjudgment motion addressed only those issues presented in his own petition to modify; it failed to address the issues presented by the mother’s counterpetition and resolved by the trial court’s January 31, 2003, judgment. It is axiomatic that an argument presented for the first time on *1279 appeal has not been preserved for review; our review is restricted to the evidence and the arguments considered by the trial court. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992); Abbott v. Hurst, 643 So.2d 589 (Ala.1994). See also Rule 4(a)(3), Ala. R.App. P. (any error asserted in the trial court may be asserted on appeal). Therefore, we will not address the factors discussed in Kirtland v. Fort Morgan Authority Sewer Service, Inc. 524 So.2d 600 (Ala.1988), that relate to whether a default judgment should be set aside. III. Denial of a Postjudgment Hearing
The father contends that the trial court committed reversible error in failing to grant his request for a hearing on his motion to alter, amend, or vacate. Although Rule 59(g), Ala. R. Civ. P., provides that postjudgment motions “shall not be ruled upon until the parties have had opportunity to be heard thereon,” our Supreme Court has stated that “the denial of a postjudgment motion without a hearing thereon is harmless error, where (1) there is either no probable merit in the grounds asserted in the motion, or (2) the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.” Historic Blakely Auth. v. Williams, 675 So.2d 350, 352 (Ala.1995). Because we have already concluded that the dismissal of the father’s petition was within the trial court’s discretion under Rule 41(b), Ala. R. Civ. P., the trial court’s denial of a hearing as to his postjudgment motion challenging that ruling was necessarily harmless error. See Rule 45, Ala. R.App. P.

TV. Conclusion

Based upon the foregoing facts and authorities, the trial court’s judgment is due to be affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in part and dissents in part, with writing, in which CRAWLEY, J., joins.