PER CURIAM.
This is the second time that these parties have been before this court. See Dreding v. Kruse (No. 2110465, July 13, 2012), — So.3d - (Ala.Civ.App.2013) (table). The background facts are as follows. On May 22, 2008, Viviana Castaneda, as personal representative of the estate of David Velez (“the estate”), filed a complaint against Burniee T. Dreding, Jr., and other fictitiously named parties, asserting a wrongful-death claim premised on various acts of alleged negligence and wantonness. The case-action-summary sheet indicates that Frank Kruse was substituted as the personal representative of the estate on January 31, 2011. On the same day, a jury sitting in the Mobile Circuit Court returned a verdict against Dreding, and in favor of Kruse, as personal representative of the estate, on the wrongful-death claim premised on Dreding’s negligence and wantonness. The jury further assessed damages in the amount of $5,000,000. The trial court also entered a judgment on the verdict on January 31, 2011.
Dreding filed a postjudgment motion styled as a “motion to appeal.” On February 17, 2011, he filed a motion to alter, amend, or vacate pursuant to Rule 59, Ala. R. Civ. P. The trial court scheduled a hearing on April 15, 2011, to address the postjudgment motions. The trial court issued an order on May 5, 2011, denying the motion to alter, amend, or vacate and reaffirming the amount of damages. Dreding then filed a timely appeal with this court, which was transferred to the Alabama Supreme Court for lack of subject-matter jurisdiction. The supreme court dismissed Dreding’s appeal on July 20, 2011, for failure to file the record on appeal within the time provided by Rule 31, Ala. R.App. P.
On January 12, 2012, Dreding filed a “motion for relief from judgment or order” pursuant to Rule 60(b)(4), Ala. R. Civ. P., asking the trial court to set aside as void the order denying the motion to alter, amend, or vacate. The trial court denied that motion on the same day. Dreding next filed a “motion for reconsideration of the order” on January 27, 2012, which the trial court again denied on the same day.
*509 Dreding filed an appeal from the January 27, 2012, order with this court on February 14, 2012.[1] In that appeal, Dred-ing argued that the trial court had erred and had abused its discretion by summarily dismissing his Rule 60(b)(4) motion because, he said, the original judgment was void. This court issued a no-opinion order of affirmance, citing Smith v. Cowart, 68 So.3d 802, 810 (Ala.2011), and McIntyre v. Satch Realty, Inc., 961 So.2d 185, 138 (Ala.Civ.App.2006), for the proposition that Dreding was not entitled to relief under Rule 60(b)(4) because his Rule 60(b)(4) motion had asserted the same grounds for relief asserted in his February 17, 2011, motion to alter, amend, or vacate. This court issued a certificate of judgment on August 23, 2012.
On October 15, 2012, Dreding again filed in the trial court a motion for relief from judgment or order pursuant to Rule 60(b)(4). In that most recent Rule 60(b)(4) motion, Dreding again regurgitates the same arguments from his previously filed Rule 59 and Rule 60(b)(4) motions, specifically that Castaneda did not have standing to initiate a cause of action against him and that Kruse was improperly substituted as the personal representative of the estate. The trial court denied Dreding’s second Rule 60(b)(4) motion on January 15, 2013. Dreding filed a notice of appeal with our supreme court on February 19, 2013. The appeal was transferred to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The brief that Dreding has filed on appeal is by no means a model of clarity. However, because it is evident that Dreding continues to espouse the same arguments that he has raised in all of his postjudgment motions, we conclude that we lack jurisdiction over Dreding’s appeal.[2]
“ ‘ “Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b) where a movant has previously sought relief under that rule. As stated by the Alabama Supreme Court in Ex parte Keith, 771 So.2d 1018 (Ala.1998), ‘[ajfter a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive post-judgment motion to “reconsider” or otherwise review its order denying the Rule 60(b) motion.’ 771 So.2d at 1022 (emphasis added). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds *510 relied upon in the first motion. See Wadsworth v. Market Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005) (‘Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).’).” ’
“Williams v. Williams, 70 So.3d 332, 334 (Ala.Civ.App.2009) (quoting Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee, 934 So.2d 386, 390-91 (Ala.Civ.App.2005)) (second emphasis added in Williams).”
Young v. Southeast Alabama Med. Ctr., [Ms. 2111258, Feb. 8, 2013] — So.3d -, -(Ala.Civ.App.2013).
The trial court lacked jurisdiction to entertain Dreding’s October 15, 2012, Rule 60(b) motion, which merely asked the trial court, once again, to reconsider its denial of his Rule 59 motion. See Wadsworth v. Market Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005) (“Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).”); see also Williams v. Williams, 70 So.3d 332, 334 (Ala.Civ.App.2009). This court has previously held that “[b]ecause a trial court has no jurisdiction to entertain a successive Rule 60(b) motion based upon the same grounds as an earlier Rule 60(b) motion, an order granting or denying such a successive motion ... is a nullity and will not support an appeal.” Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee, 934 So.2d 386, 391 (Ala.Civ.App.2005). Thus, because the trial court lacked jurisdiction over Dreding’s most recent Rule 60(b) motion, we lack jurisdiction over Dreding’s appeal of the trial court’s order denying that motion, and, accordingly, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. This court transferred that appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction; that court then transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.

. We note that, even if this court had jurisdiction over this appeal, Dreding’s attempts to relitigate the same issues of Castaneda’s standing and the trial court’s subject-matter jurisdiction are barred by the law-of-the-case doctrine.
" 'Under the doctrine of the "law of the case," whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.’ Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987). The law-of-the-case doctrine is ‘designed to avoid repeated litigation over an issue that has already been decided.’ Williams v. Williams, 91 So.3d 56, 62 (Ala.Civ.App.2012).”
Davis v. Blaclcstock, [Ms. 2111244, April 5, 2013] - So.3d -, - (Ala.Civ.App. 2013).